Deutsche Bank Natl. Trust Co. v Clanton (2021 NY Slip Op 01030)





Deutsche Bank Natl. Trust Co. v Clanton


2021 NY Slip Op 01030


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-05116
 (Index No. 100938/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Tony Clanton, appellant, et al., defendants.


Staten Island Legal Services, Staten Island, NY (Sarah Baldwin of counsel), for appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Steven Lazar and Andrew Wein], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tony Clanton appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated March 27, 2019. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court dated February 5, 2018, granting the plaintiff's prior motion, inter alia, to vacate a discontinuance made pursuant to CPLR 3217(a) and to restore the action to the calendar, and denying that defendant's cross motion, inter alia, for leave to serve a late answer.
ORDERED that the order dated March 27, 2019, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated February 5, 2018, granting the plaintiff's prior motion, inter alia, to vacate a discontinuance made pursuant to CPLR 3217(a) and to restore the action to the court's calendar, and substituting therefor a provision, upon reargument, vacating that determination in the order dated February 5, 2018, and thereupon denying that prior motion; as so modified, the order dated March 27, 2019, is affirmed insofar as appealed from, with costs to the appellant, and the order dated February 5, 2018, is modified accordingly.
Upon reargument, the Supreme Court should have denied the plaintiff's prior motion, inter alia, to vacate a discontinuance made pursuant to CPLR 3217(a) and to restore the action to the court's calendar. Under the circumstances of this case, the plaintiff's unsubstantiated claim of mistake due to unexplained law office failure did not warrant vacatur of the discontinuance made two years earlier pursuant to CPLR 3217(a) and restoration of the action to the active calendar (see Deutsche Bank Natl. Trust Co. v Lee, 60 Misc 3d 171, 174 [Sup Ct Westchester County]; cf. IndyMac Bank, FSB v Izzo, 166 AD3d 866).
Since the prior discontinuance should not have been vacated and this action should not have been restored to the court's calendar, we need not reach the parties' contentions regarding the Supreme Court's determination, made upon reargument, to adhere to its determination denying the cross motion of the defendant Tony Clanton, inter alia, for leave to serve a late answer.
The plaintiff's remaining contentions are without merit or, having been raised for the [*2]first time on appeal, are not properly before this Court.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court